UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Steven R. Payne, Esq.
7 Pitcairn Avenue
Ho-Ho-Kus, New Jersey 07423
(917) 414-2588
Attorney for Plaintiff
SRP 8013

------------------------------------------------------------X
MARGARET A. GALLAGHER,

                        Plaintiff,            **COMPLAINT AND JURY DEMAND**

-against-

JAMES VENERABLE, III and GAINES MOTOR    Civil No.:
LINES, INC.,
                    Defendants.
------------------------------------------------------------X

Plaintiff, by her attorney, Steven R. Payne, as and for a complaint against the Defendants herein, alleges upon information and belief as follows:

## PARTIES

FIRST: At all times hereinafter mentioned, Plaintiff, MARGARET A. GALLAGHER, (hereinafter "Gallagher") was a resident of the State of Virginia and resided at 12010 Starboard Drive No. 301, Reston, Virginia.

SECOND: At all times relevant hereto Defendant, JAMES VENERABLE, III (hereinafter "Venerable") was a resident of the State of Maryland residing at 419 Old Stage Road Apt. B, Glen Burnie, Maryland 21061.

THIRD: At all times relevant hereto, Defendant GAINES MOTOR LINES, INC., (hereinafter "Gaines") was a North Carolina Corporation with its principal place of business located at 2349 13th Avenue SW, Hickory, North Carolina 28603

## JURISDICTION AND VENUE

FOURTH:  Jurisdiction is proper pursuant to 28 U.S.C. 1332 in that there is complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and fees.

FIFTH:  Venue is proper pursuant to 28 U.S.C. 1391 (a)(1) as the events giving rise to the claim occurred in this judicial district.

## FACTS COMMON TO ALL CAUSES OF ACTION

SIXTH:  That on or about March 25, 2011, "Gallagher" operated her car with Virginia license plate number XLZ 9272 on the New Jersey Turnpike in the southbound lanes.

SEVENTH:  That on or about March 25, 2011, " Gaines" was the owner/lessor of a commercial vehicle bearing North Carolina license plate number MC 3586 (hereinafter "the truck") being operated on the New Jersey Turnpike in the southbound lanes.

EIGHTH: That on or about March 25, 2011, "Venerable" was operating the truck on the New Jersey Turnpike in the southbound lanes.

NINTH:  That "Venerable" was operating the truck in the course and scope of his employment with and was doing so with the express consent of "Gaines."

TENTH: That the truck struck the rear of the "Gallagher" car while it was traveling in the right lane on the southbound side of the New Jersey Turnpike.

## FIRST CAUSE OF ACTION
## AGAINST JAMES VENERABLE, III

ELEVENTH: Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered FIRST through TENTH as if more fully set forth at length herein.

TWELEVTH: At the time and place set forth above, Defendant, "Venerable" was careless, negligent and reckless in allowing/causing the truck to strike the rear end of plaintiff's car.

THIRTEENTH: As a direct and proximate result of the foregoing acts of negligence by Defendant, "Venerable," Plaintiff was caused to sustain serious and grievous bodily injuries in excess of the tort threshold limit.

FOURTEENTH: As a direct and proximate result of the foregoing acts of negligence by Defendant "Venerable," Plaintiff has suffered serious and permanent injuries and has suffered great pain, shock, and mental anguish and was and still is incapacitated and will be permanently disabled.

WHEREFORE, Plaintiff demands judgment against Defendant, "Venerable," for damages in the amount of One Million Dollars ($1,000,000.00), interest and costs of suit and for such other and further relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION
## AGAINST GAINES MOTOR LINES, INC

FIFTEENTH: Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered FIRST through FOURTEENTH as if more fully set forth at length herein.

SIXTEENTH: At all times relevant hereto Defendant "Gaines" was the owner/leasee of the truck operated by "Venerable" at the time of the accident complained of herein.

SEVENTEENTH: At all times relevant hereto Defendant "Gaines" was involved in interstate commerce and in furtherance thereof caused to have the truck operated on

the roads of the State of New Jersey.

EIGHTEENTH:  At all time relevant hereto, Defendant, "Gaines" employed Defendant, "Venable" as the driver of the truck.

NINETEENTH:  At all times relevant hereto, Defendant "Venerable" was acting in furtherance of his employer's interests in the operation and control of the truck.

TWENTIETH:  That at the time and place set forth above, Defendant, "Venerable" was careless, negligent and reckless in the operation of the truck.

TWENTY FIRST:  That at the time and place set forth above, Plaintiff's car was struck in the rear due to the carelessness, negligence and want of care on the part of Defendant, "Venerable," in the operation of the truck.

TWENTY SECOND: That Defendant, "Gaines" is responsible for the actions of Defendant, "Venerable" under the doctrine of *respondeat superior.*

TWENTY THIRD:  As a direct and proximate result of the foregoing acts of negligence by Defendants, Plaintiff was caused to sustain serious and grievous bodily injuries in excess of the tort threshold limit.

TWENTY FOURTH:  As a direct and proximate result of the foregoing acts of negligence by Defendant, "Gaines" through the actions of Defendant "Venerable," Plaintiff, was caused to sustain serious and permanent injuries and has suffered great pain, shock, and mental anguish and was and still is incapacitated and will be permanently disabled.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, in the amount of One Million Dollars ($1,000,000.00), interest and costs of suit and for such other and further relief as this Court may deem just and proper.

## THIRD CAUSE OF ACTION
## AGAINST GAINES MOTOR LINES, INC.

TWETNY FIFTH:   Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered FIRST through TWENTY FOURTH as if more fully set forth at length herein.

TWENTY SIXTH:   That at all times relevant hereto Defendant "Gaines" was the employer of Defendant "Venerable" who was the operator of the truck.

TWENTY SEVENTH:   That at the time and place of the accident complained of herein, the truck was being operated in the transportation of goods in interstate commerce.

TWENTY EIGHTH:   That "Gaines" was negligent and careless in hiring "Venerable."

TWENTY NINTH:   That as a direct and proximate result of the negligence, carelessness and wont of care on the part of "Gaines" in the hiring of "Venerable" Plaintiff was caused to sustain serious grievous and permanent bodily injuries in excess of the tort threshold limit and has suffered great pain, shock, and mental anguish and was and still is incapacitated and will be permanently disabled.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages, in the amount of One Million Dollars ($1,000,000.00), interest and costs of suit and for such other and further relief as this Court may deem just and proper.

## FOURTH CAUSE OF ACTION
## AGAINST GAINES MOTOR LINES, INC

THIRTIETH:  Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered FIRST through TWENT NINTH as if more fully set forth

at length herein.

THIRTY FIRST: That at all times relevant hereto Defendant "Gaines" was the employer of Defendant "Venerable" who was the operator of the truck.

THIRTY SECOND: That at the time and place of the accident complained of herein, Defendants operated the truck in the transportation of goods in interstate commerce.

THIRTY THIRD: That "Gaines" was negligent and careless in the training of "Venerable."

THIRTY FOURTH: That as a direct and proximate result of the negligence, carelessness and wont of care on the part of "Gaines" in the hiring of "Venerable" Plaintiff was caused to sustain serious grievous and permanent bodily injuries in excess of the tort threshold limit and has suffered great pain, shock, and mental anguish and was and still is incapacitated and will be permanently disabled.

WHEREFORE, Plaintiff demands judgment against Defendants, for damages in the amount of One Million Dollars ($1,000,000.00), interest and costs of suit for such other and further relief as this Court may deem just and proper.

Dated: April 20, 2012

STEVEN R. PAYNE (SRP 8013)
Attorney for Plaintiff
7 Pitcairn Avenue
Ho-Ho-Kus, New Jersey 07423
(917) 414-2588

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated:   April 20, 2012

                                              STEVEN R. PAYNE  
                                              Attorney for Plaintiff  
                                              7 Pitcairn Avenue  
                                              Ho-Ho-Kus, New Jersey 07423  
                                              (917) 414-2588